UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
MICHAEL HAYNES & ASSOCIATES, LLC,   )
                                    )
              Plaintiff,            )
                                    )
          v.                        )      CIVIL ACTION
                                    )      NO. 20-10389-WGY
SECURITY CREDIT SERVICES, LLC,      )
                                    )
              Defendant.            )
_____ )
```

YOUNG, D.J.                                    April 8, 2020

**ORDER ON MOTION TO DISMISS**

Michael Haynes & Associates ("Haynes"), a Massachusetts limited liability corporation ("LLC"), sues Security Credit Services, LLC a Mississippi LLC and Equipro Holdings, a holding company alter ego of Security Credit Services (collectively "SCS") over two purchase and sales agreements between the two parties regarding a collection of accounts receivable (the "Agreements"). Compl., ¶¶ 1-4, ECF No. 1; Compl., Ex. 10, Purchase and Sales Agreement (June 9, 2018), Ex. 13, Purchase and Sales Agreement (June 26, 2018), ECF No. 1. SCS has filed a motion to dismiss all counts. See Def.'s Mot. Dismiss Failure State Claim, ECF No. 8; Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem."), ECF No. 9.

Haynes alleges that SCS repeatedly misled it before and after the signing of the Agreements as to whether Haynes would

have the right to sell and reassign the accounts receivable subsequent to purchase. Compl. ¶¶ 21-61. Specifically, Haynes alleges that SCS said there were no restrictions on reassignment, and later that it would remove language in the contract with such restrictions, but that neither of these representations were true. Id. ¶¶ 40-41. Additionally, Haynes alleges that SCS misrepresented the types of accounts receivable included in the Agreement –- that many of them were significantly less valuable than advertised because they were missing supporting documentation, or because the debtor was bankrupt or deceased.  Id.  ¶¶ 34-36, 63.

Haynes thus brings five counts: (1) fraud in the inducement, (2) fraudulent misrepresentation, (3) negligent misrepresentation, (4) promissory estoppel, and (5) violation of Massachusetts General Laws, chapter 93A, section 11, which provides a cause of action for unfair competition or deceptive business acts.

The problem is that the SCS has already brought essentially the same case in Mississippi state court. See Def.'s Mem. 1. SCS sued Haynes in Lafayette County Circuit Court in January of 2020, requesting an injunction and damages because Haynes had allegedly violated these same Agreements (plus one other) by selling or assigning the accounts receivable, as prohibited in the contract.  Def.'s Mem, Ex. 1, Complaint, Security Credit

Services, LLC v. Michael Haynes & Associates, LLC, L20-035 (Jan.
17, 2020), ECF No. 9-1.  In fact, the Mississippi court granted
SCS a preliminary injunction on the 26th of March, the same day
as the filing of the present complaint, ordering Haynes to cease
from any future resales or reassignments of the accounts, to
refrain from litigation against debtors, and to attempt to
unwind past transactions.  See d., Ex. 3, Order Granting Motion
for Preliminary Injunction, SCS v. Haynes, L20-035 (March 26,
2020).

In its motion to dismiss the current action under Rule
12(b)(6) of the Federal Rules of Civil Procedure, SCS raises two
primary defenses.  See Def.'s Mem. 1.   First, it points to a
forum selection clause in the Agreement that designates
Mississippi as the exclusive forum for disputes.  Id. at 4
(citing Compl., Ex 10, Purchase and Sales Agreement (June 8,
2018) art. 6.1; Ex. 13, Purchase and Sales Agreement (June 29,
2018) art. 6.1, ECF No. 1-1).  Second, and more important for
the present purpose, SCS asks this Court to defer to the
jurisdiction of the Mississippi court under the doctrine of
prior-pending-action, Id. at 11, or under Colorado River
abstention.  Id. at 13 (citing Colorado River Conservation
District v. United States, 424 U.S. 800, 817 (1976) (holding
that federal courts may consider deferring to state courts when
they exercise concurrent jurisdiction)).

As this Court finds the doctrine of prior-pending-action provides sufficient reason to defer to the Mississippi court, it does not reach SCS's other arguments.

The doctrine of prior-pending-action allows a federal court to stay or dismiss an action when "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." O'Reilly v. Curtis Pub. Co., 31 F. Supp. 364, 364-65 (D. Mass. 1940) (Brewster, J.).[1]  Courts look to two factors in determining if the doctrine may apply: whether "(1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action." Quality One Wireless, LLC v. Goldie Group, LLC, 37 F. Supp. 3d 536, 541 (D. Mass. 2014) (Saylor, J.) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360, at 89 (3d ed. 2004)).

Here, the litigation in Mississippi does indeed concern an identity of issues because SCS sued on both of the two contracts that Haynes is challenging in the present matter.  See Compl.

---

[1] Because Equipro Holdings is an alter ego of SCS, the fact that it is party to the current litigation but not the Mississippi litigation has no effect on this analysis.  See Compl., Ex. 1, Equipro Investment Website Screenshot, ECF No. 1-1.

Ex. 10, Purchase and Sales Agreement (June 9, 2018), Ex. 13, Purchase and Sales Agreement (June 29, 2018); Def.'s Mem., Ex. 1, Compl. ¶ 7, SCS v. Haynes, L20-035.  All of Haynes' claims could easily be refiled as affirmative defenses or counterclaims to SCS's motion in the Mississippi case.[2]  See Bradeen v. Bank of N.Y. Mellon Trust Co., No. 18-cv-117533, 2018 U.S. Dist. LEXIS 188586, at *8-9, *12-13 (D. Mass. Nov. 2, 2018) (Saylor, J.) (applying the prior-pending-action doctrine to claims brought by parties who were the defendants in a previous foreclosure action in state court).  Because the validity of the contracts and the circumstances surrounding their negotiation will be core issue to the determination of the Mississippi suit, the controlling issues in the present litigation will necessarily be decided in that suit if Haynes chooses to raise them.

This Court is not required to defer its jurisdiction to the Mississippi court, and it does not exercise its discretion lightly.  See Colorado River, 424 U.S. at 817.  Nevertheless, abstention is appropriate here.  Courts have generally looked to the factors from Universal Gypsum of Georgia, Inc. v. American Cyanamid Co. in deciding whether to dismiss in favor of a prior-pending-action.  390 F. Supp. 824, 827 (S.D.N.Y. 1975); see

---

[2] While the Chapter 93 claim may not be available in the Mississippi court, Haynes could bring an equivalent claim under Mississippi's deceptive trade practices law, Miss. Code § 75-24 et. seq.

Quality One, 37 F. Supp. at 542 (applying the Universal Gypsum

factors and deciding to defer to the state court); Qutab v.

Kyäni, Inc., 324 F. Supp. 3d 243, 247 (D. Mass. 2018) (Hillman,

J.) (same).  Those factors are as follows:

> (1) considerations of comity; (2) promotion of
> judicial efficiency; (3) adequacy and extent of relief
> available in the alternative forum; (4) identity of
> parties and issues in both actions; (5) likelihood of
> prompt disposition in the alternative forum; (6)
> convenience of parties, counsel and witnesses; and (7)
> possibility of prejudice to a party as a result of the
> stay.

Universal Gypsum, 390 F. Supp. at 827.

The majority of these factors favor a stay or dismissal of

this case.  Regarding the first factor, the original plaintiff,

SCS, chose Mississippi court as the appropriate forum, it is not

unreasonable for Haynes to expect to be haled into court there

given the selection clause in the Agreements, and the

Mississippi court has already taken significant action by

issuing a temporary restraining order.  As to the second factor,

pursuing the same essential action in two separate courts would

be inefficient.  Regarding factors three and four, where the

identity of the parties is essentially the same, and where the

current plaintiff has the ability to assert its claims in the

original forum, the relief available in the state court is

sufficient.  Regarding factor five, the Mississippi court has

already issued a preliminary injunction, showing that it is

disposing of that case in a prompt manner.  <u>See</u> Def.'s Mem., Ex.

3, Order Granting Motion for Preliminary Injunction.

Factors six and seven are neutral.  Each party is sited in

one of the two potential forums, <u>see</u> Compl. ¶¶ 1-4, and the

parties, counsels, and witnesses would appear equally split

geographically.  Much of the evidence in this case consists of

emails and contracts that can be easily accessed from any

geographic location, and it would be equally difficult for the

witnesses from Mississippi to travel to Massachusetts as vice

versa.  <u>See generally</u> Compl., Exs. 2-15.  If Haynes wished to

take discovery in this case as to SCS's internal deliberations

during the negotiation process, those documents would be

physically located in Mississippi or on computers physically

located in Mississippi.  <u>See</u> Compl. ¶ 3-4.  With regard to the

seventh factor, it is possible that Haynes will be disadvantaged

somewhat by the need to hire counsel in Mississippi and refile

its case there, but it would likely need to do so anyways to

contest the state court case, so this factor remains neutral.

Thus, as the weight of factors favors abstention, this

Court will apply the prior-pending-action doctrine.

The best remedy here is to grant the motion to dismiss

without prejudice and administratively close the case.  <u>See</u>

<u>Lexico Enters.</u> v. <u>Cumberland Farms, Inc.</u>, 686 F. Supp. 2d 221,

225 (E.D.N.Y. 2010).  Should the Mississippi court become an

inappropriate vehicle for the present action, or upon other showing of good cause by either party, this Court will consider reopening the case.

For the foregoing reasons, the motion to dismiss is GRANTED without prejudice and the case is administratively CLOSED.

**SO ORDERED**.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE